[Criminal No. 612.   Filed February 7, 1927.]

[252 Pac. 1018.]

STATE, Appellant, v. D. L. PUGH, Respondent.

318

Mr. John W. Murphy, Attorney General, Mr. Earl Anderson, Assistant Attorney General, Mr. Frank Harrison, County Attorney, and Mr. Will E. Ryan, Special Counsel, for the State.

Mr. C. B. Wilson, for Respondent.

ROSS, C. J.—D. L. Pugh, a nonresident of Arizona, was informed against by the county attorney of Coconino county, Arizona, for violating the provisions of chapter 28, Special Session Laws of 1922, by driving or bringing certain sheep into Arizona from the state of Utah, to be pastured and ranged

on the ranges of this state, and for failure within ten days after such entry to notify the sheriff of Coconino county of the presence of said sheep in said county and state.

To this information a demurrer was interposed upon the grounds: (1) That the facts stated do not constitute a public offense; or (2) violate any valid law of the state; (3) that chapter 28 violates the Constitution of the state and also of the United States.

The demurrer was sustained, the case dismissed, and the defendant ordered discharged. The state has appealed.

Chapter 28 is, as its title indicates:

"An act in relation to the regulation of livestock industry; defining migratory livestock; providing for the inspection and suppression of disease among same; affixing an inspection fee and providing a penalty for the violation of this act, and declaring an emergency."

We think the information states an offense under chapter 28, providing it is a law. If, however, the legislature had no power to pass it, then the doing of the things it denounces would constitute no offense.

The Attorney General insists that the constitutionality of the act was not properly raised. In this connection, he contends that it was the duty of the defendant distinctly to point out the particular provision of the Constitution it violated, and, since the demurrer failed to do that, the court erred in sustaining it. This, we believe, is the general rule in both civil and criminal cases. 12 C. J. 784, §§ 215–217. But where for any constitutional reason the law under which a party is being prosecuted is void, the question need not be formally raised, as when that fact is discovered by the court, even on appeal, it will be considered.

In *State* v. *Diamond,* 27 N. M. 477, 488, 20 A. L. R. 1527, 202 Pac. 988, 993, the validity of the law was first raised on appeal, and the court said of it:

"Here the question of the constitutionality of the act involved determines whether a crime has been committed. If the law is void, no crime has been committed and none can be committed under it, and the court has no jurisdiction over the person of the defendant or the subject-matter of the cause. It is a proceeding to punish a man where there is no law authorizing the same. In such a case it would seem that the question is jurisdictional and may be raised for the first time on appeal, and we so hold. See, in this connection, *Schwartz* v. *People,* 47 Colo. 483, 104 Pac. 92; *State* v. *Gibson,* 189 Iowa 1212, 174 N. W. 34; and *State* v. *Winehill & Rosenthal,* 147 La. 781, 86 So. 181."

Chapter 28 was passed during a special session of the fifth legislature, convened upon the call of the Governor, in the exercise of his constitutional right as set forth in section 3, part 2, article 4, as follows:

"The Governor may call a special session, whenever in his judgment it is advisable. In calling such special session, the Governor shall specify the subjects to be considered at such session, and at such session no laws shall be enacted except such as relate to the subjects mentioned in such call."

This provision, like all others of our Constitution, is mandatory, no express words otherwise declaring (section 32, art. 2), and unless a law passed at a special session is related to some subject named in the Governor's call, the legislature is without power to pass it. If the legislation is fairly germane to any of the subjects mentioned in the call, it will be sustained, but if foreign it is void. *McClintock* v. *City of Phoenix,* 24 Ariz. 155, 207 Pac. 611; *Long* v. *State,* 58 Tex. Cr. 209, 21 Ann. Cas. 405, and note at 409, 127 S. W. 208; *Jones* v. *State,* 151 Ga. 502,

107 S. E. 765; *Jones* v. *State,* 154 Ark. 288, 242 S. W. 377; 25 R. C. L. 806, § 56.

A good statement of the rule is found in Lewis' Sutherland on Statutory Construction (second edition), 111, section 65, as follows:

"Extra or special sessions of the Legislature are usually provided for in the Constitution, and in such cases the Legislature is also usually limited to the transaction of such business as is mentioned in the call. Where this limitation exists, legislation relating to other subjects will be void. In order to determine this question the courts will take judicial notice of the Governor's proclamation. The Legislature may act freely within the call; may legislate upon all or any of the subjects specified, or upon any part of a subject; and every presumption will be made in favor of the regularity of its action."

The subject of the legislation contained in chapter 28 is "migratory livestock," or livestock belonging to nonresidents, driven into or pastured in this state. It is provided that the owner of said stock shall report the presence of any such stock to the sheriff of the county within ten days after its entrance into the county, and pay to the sheriff an inspection fee for inspecting them for infectious, contagious or communicable diseases, and a failure to report within ten days or to pay inspection fees is made a misdemeanor.

The Governor's call names no subject bearing any relation whatever to the subject named in the title or body of chapter 28. The nearest approaches are the ones called to our attention by the Attorney General, in his brief, in these words:

"Among other subjects embraced in the Governor's call is one 'for the sake of greater efficiency and economy in state, county, and municipal government so certain governmental agencies and activities in connection therewith should be more closely co-ordinated and in some cases abolished,' and . . . the

general subject of 'governmental machinery, state, county and municipal, with a view to more closely co-ordinating or abolishing certain agencies and activities.' "

To state the subject of chapter 28 and the subjects named in the Governor's call is enough to demonstrate conclusively that they are not related to each other, even remotely. Consequently, chapter 28 is void, and any conviction thereunder would likewise be void. The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.