[Criminal No. 832.   Filed June 17, 1936.]

[58 Pac. (2d) 753.]

ST. LOUIS ESTES, Appellant, v. STATE OF ARIZONA, Respondent.

Messrs. Lewkowitz & Zaversack, for Appellant.

Mr. John L. Sullivan, Attorney General, and Mr. W. Francis Wilson, Assistant Attorney General, for the State.

Mr. Jacob Morgan, *Amicus Curiae.*

Mr. Frank W. Beer, *Amicus Curiae.*

ROSS, J.—The appellant, St. Louis Estes, was convicted of practicing the healing art without having obtained a certificate from the state board of examiners of the basic sciences. From such conviction he has appealed, contending that there is no law in Arizona requiring that he obtain such a certificate in order to practice the healing art.

The legislature, at its regular session in 1933, enacted chapter 84, entitled:

"An act relating to the basic sciences; defining the same and creating a board of examiners therein; providing for the examination and registration of practitioners of the healing arts; and providing penalties for the violation hereof." See, also, section 2507a et seq., Revised Code Supplement 1934.

█ Thereafter, on June 12, 1933, a referendum on chapter 84 was filed in the office of the Secretary of State. In the meantime, a vacancy having occurred in the office of Representative from Arizona to the Congress of the United States, the Governor of the state called a special election, to be held on October 3, 1933, to fill such vacancy, and the Secretary of State certified said chapter 84 to the different boards of supervisors, and caused them to place the same on the ballot at such special election. The question is, Was that a proper election, under the Constitution and laws of the state, at which to submit such referred measure? The reserve power to the people to enact or reject laws at the polls is provided in section 1, part 1, article 4, of the Constitution. Subdivision (10) of such section reads:

"When any Initiative or Referendum petition or any measure referred to the people by the Legislature

shall be filed, in accordance with this section, with the Secretary of State, he shall cause to be printed on the official ballot at the next regular general election the title and number of said measure, together with the words 'Yes' and 'No' in such manner that the electors may express at the polls their approval or disapproval of the measure.''

This makes it the duty of the Secretary of State to submit referred measures ''at the next regular general election.'' The legislature, in supplementing the constitutional provision concerning the initiative and referendum, in section 1740, Revised Code of 1928, recognized that referred measures must be voted on ''at the next regular general election''; also in section 1745, Id., wherein it is provided that the Secretary of State, at the time he furnishes to the clerks of the boards of supervisors of the several counties certified copies of the names of the candidates for state and other offices, shall furnish to each of said clerks his certified copy of the titles and numbers of the several measures proposed to be voted upon ''at the ensuing regular general election.'' It is clear, since state and other officers under the Constitution (section 11, art. 7) are to be elected biennially ''on the first Tuesday after the first Monday in November,'' even-numbered years, it was at such an election referred measures were to be voted upon. It was therefore under the Constitution and laws essential that chapter 84, known as the ''Basic Science Law,'' should have been submitted to the voters at the next regular general election. If the election of October 3, 1933, was such an election, then chapter 84 became a law, it having received a majority of the votes cast thereon; if not such an election, such chapter did not become a law, although approved by the voters, or a majority thereof.

■ We had before us the question as to whether the election of October 3, 1933, was a regular general election in *Hudson* v. *Cummard,* 44 Ariz. 7, 33 Pac. (2d) 591, and we there reviewed the provisions of our Constitution and laws and the different decisions of this court bearing in any way upon the question, and came to the conclusion that such election was not a regular general election but a special election.

■■ The provisions of the Constitution are mandatory, unless otherwise therein stated. Article 2, § 32; *State* v. *Pugh,* 31 Ariz. 317, 252 Pac. 1018; *State ex rel. Davis* v. *Osborne,* 14 Ariz. 185, 125 Pac. 884. The duty of the Secretary of State to submit the referred measure at the next regular general election, which was the November, 1934, election, is made imperative by the Constitution. It is too bad the error of submitting it at a special election should have occurred, and we regret exceedingly to have to declare the law void after the people have voted upon it favorably and the medical profession for some three years has acted under it. The provisions of the Constitution, however, are paramount, and must be adhered to in election matters as well as all others.

Because chapter 84, *supra,* known as the "Basic Science Law," was not submitted to the voters "at the next regular general election," as provided in the Constitution, it did not become a law, even though at the special election held on October 3, 1933, it received a majority of the votes cast thereon.

Defendant is right in his contention.

The judgment is reversed and the cause remanded, with directions to dismiss the charge.

LOCKWOOD, C. J., and McALISTER, J., concur.