241 P.2d 1126

**TUCSON MANOR, Inc. v. FEDERAL NAT. MORTGAGE ASS'N.**

No. 5463.

Supreme Court of Arizona.

March 24, 1952.

Jennings, Strouss, Salmon & Trask, of Phoenix, for appellant.

Hall, Catlin & Molloy, of Tucson, for appellee.

UDALL, Chief Justice.

The sole question presented by this appeal is whether the amendment to section 2324, Revised Code 1928, now appearing as section 62–517, A.C.A.1939, and known as the deficiency judgment statute, is valid. If the amendment is valid then the judgment of the lower court must be reversed as the plaintiff-appellee, Federal National Mortgage Association, wholly failed at the trial to establish the necessary factual predicate for obtaining a deficiency judgment.

The admitted facts are that defendant-appellant, Tucson Manor, Inc., executed and delivered its promissory note for $5,600, secured by a realty mortgage on certain real estate, to the Phoenix Realty Insurance Company. Plaintiff became the owner of the instruments by assignment. Defendant defaulted in the monthly payments as they became due and plaintiff began this action to foreclose the mortgage, praying for a deficiency judgment in the event the proceeds of the sale of the real property were insufficient. Defendant admitted the default but contested the plaintiff's right to a deficiency judgment because of the beneficent provisions of section 62–517, supra. Nevertheless the lower court ordered a foreclosure of the mortgage, directed that the real property be sold and the proceeds after the payment of costs be applied to the plaintiff's judgment, and if the proceeds of the sale were insufficient to cover the amount found due then decreed that the plaintiff should have a deficiency judgment against defendant for the amount of such deficiency.

Section 2324, supra, reads as follows: "When a mortgage or deed of trust is foreclosed, the court shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the same".

The Eleventh Legislature amended the above section by adding the following provisions relating to the granting of deficiency judgments: "provided, that when a note, secured by a first mortgage or deed of trust on real property, is foreclosed and the property sold to satisfy such judgment, no deficiency judgment can be had against the defendant unless the complaint specifically asks for a deficiency judgment. If such deficiency judgment is contested by the defendant, the plaintiff must prove on the trial that at the time the note and mortgage, or deed of trust, were executed the real property was not of a value in excess of the amount remaining due on the note or that the depreciation in value was caused by some act of the defendant or the original mortgagor, and the question of such value

shall be a question of fact. * * *" Chap. 88, Session Laws of 1933.

A referendum was filed against this amendment.

Due to the resignation of the Honorable Lewis W. Douglas, then representative in Congress from Arizona, the Governor by virtue of section 1157, R.C.A.1928, called a primary election for August 8, 1933 and a general election for October 3, 1933, to fill such vacancy. The legislature by chap. 5, 1933, First Special Session Laws, Eleventh Legislature (see page 487, Revised Code Supplement, 1934) provided for an election on the same date, i. e., October 3, 1933, to vote upon certain enumerated proposed constitutional amendments. The Secretary of State without authority of law placed the referendum measure now under attack upon the same ballot and it was ostensibly approved by a majority of the qualified electors.

The crux of this appeal lies in plaintiff's contention that the 1933 amendment, supra, was not validly enacted and therefore never became a part of the statutes of Arizona for the reason that it was not submitted to the voters at "the next regular general election" as required by Art. IV, pt. 1, section 1(10) of the Constitution of Arizona. Defendant on the other hand seeks to invoke the "enrolled bill" rule, see Hernandez v. Frohmiller, 68 Ariz. 242, 259, 204 P.2d 854, and insists that it is now too late to question whether the measure was submitted at a

proper election or the necessary procedural steps followed in its submission to a vote of the people, and cites in support of his position Allen v. State, 14 Ariz. 458, 130 P. 1114; Abbey v. Green, 28 Ariz. 53, 235 P. 150; Renck v. Superior Court of Maricopa County, 66 Ariz. 320, 187 P.2d 656.

The principle laid down in the above cases, which we believe are sound, is to the effect that once an election sanctioned by law is held it is then too late to question the steps or legal precedure by which the measure got upon the ballot; whereas in the instant case the plaintiff is not contesting the procedure or mechanics of the election but is insisting that the amendment *was not submitted at a proper election*, i. e., to "the next regular general election" as required by the Constitution. This distinction is well stated in Renck v. Superior Court of Maricopa County, supra [66 Ariz. 320, 187 P.2d 659]: "At the outset, we must not confuse the question as to whether the court has power to continue an investigation as to the legal sufficiency of an initiative petition after an election has been had and the measure adopted, with the power of the court to declare acts repugnant to the Constitution void at any time it has a proper case before it. * * *"

In Hudson v. Cummard, 44 Ariz. 7, 33 P.2d 591, the court laid down the rule as to the requirements necessary for a general election and then came to the conclusion that the election of October 3, 1933 (the

very election here in question) was a special election. This was followed by Estes v. State of Arizona, 48 Ariz. 21, 58 P.2d 753, 754, which involved the basic science law purportedly approved at the same election and raised the identical legal question pre- sented in the instant case. Mr. Justice Ross speaking for the court in that case stated: "The provisions of the Constitution are mandatory, unless otherwise therein stated. (citing cases) The duty of the secretary of state to submit the referred measure at the next regular general election, which was the November, 1934, election, is made imperative by the Constitution. It is too bad the error of submitting it at a special election should have occurred, and we re- gret exceedingly to have to declare the law void after the people have voted upon it favorably and the medical profession for some three years has acted under it. The provisions of the Constitution, however, are paramount, and must be adhered to in election matters as well as all others."

This sound pronouncement in the Estes case is determinative of this appeal. Since the 1933 amendment, supra, was submitted to the voters at a special election rather than the "next regular general elec- tion" as required by the Constitution, it is invalid as it did not become a law.

Judgment affirmed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concurring.