399 P.2d 706

**The TOWN OF SCOTTSDALE, a municipal corporation, Appellant,**

**v.**

**STATE of Arizona ex rel. Robert W. PICK-RELL, Attorney General of the State of Arizona, Appellee.***

**Nos. l CA–CIV 7, 8.**

Court of Appeals of Arizona.

March 9, 1965.

* These appeals were filed with the Arizona Supreme Court and assigned that Court's Numbers 7442 and 7443. The matters were referred to this Court pursuant to Sec. 12–120.23 A.R.S.

Osmond A. Burton, Scottsdale, for appellant.

Robert W. Pickrell, former Atty. Gen., Darrell F. Smith, Atty.Gen., by Charles M. Brewer, Sp.Asst.Atty.Gen., Phoenix, for appellee.

STEVENS, Chief Judge.

These cases with identical captions and involving identical questions were consolidated in the trial court and on the appeal.

The last publication of the proposed Charter for the City of Scottsdale was January 21, 1960. The proposed Charter was voted upon at an "election" which was held February 23, 1960. The majority of those voting on this subject on February 23rd approved the Charter.

Thereafter, pursuant to statutory procedures as distinguished from Charter procedures, the City of Scottsdale adopted an ordinance purporting to annex certain property. The State of Arizona in relation to the Attorney General of Arizona by and through the services of Mr. Brewer, a Special Assistant Attorney General, filed suit to declare the purported annexation illegal. During the pendency of the first action a second purported annexation ordinance was adopted. Immediately thereafter the second suit was filed. The two actions were consolidated and it is these matters which are before us for consideration.

In the trial court the City of Scottsdale conceded that there were imperfections in the annexation procedures and conceded that the trial court should enter its judgment invalidating both of the purported annexations. The suits by the Attorney General questioned not only the annexation procedure but questioned the validity of the Charter as well. In relation to the Charter, the State urged that the voting of February 23, 1960, was not held as directed by the Arizona Constitution and that, therefore, the claimed Charter of the City of Scottsdale was and is void even though later approved by the Governor of the State of Arizona.

Section 32 of Article II of the Arizona Constitution, A.R.S. states:

"The provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise"

Article XIII of the Arizona Constitution is entitled "Municipal Corporations", Sec. 2 thereof is entitled "Charter; preparation and proposal by board of freeholders; ratification and approval; amendment". This section contains a provision in relation to the publication of proposed charters and then provides in part:

"Within thirty days, and not earlier than twenty days, after such publication, said proposed charter shall be submitted to the vote of the qualified electors of said city at a general or special election."

This section contains a further provision relative to approval by the Governor and further states:

"The charter so ratified may be amended * * *"

■ In the trial court and in this court, the City of Scottsdale urged that it being admitted that the annexation ordinances were invalid the trial court was without jurisdiction to determine the constitutional question relative to the validity of the Charter. The trial court did not favor this position urged by the City of Scottsdale and proceeded with the determination of the issue as to the validity of the Charter. In Cause No. 124,746 the judgment entered by the trial court is in part as follows:

"1. That the Charter of the Town of Scottsdale is invalid and void by reason of failure to comply with Constitutional requirements of Article 13, Section 2, Constitution of Arizona, which provides in part as follows: Within thirty days, and not earlier than twenty days, after such publication said proposed charter shall be submitted to the vote of the qualified electors of said city at a general or special election.

"That the election was held on the thirty-third day after publication contrary to the Arizona Constitution."

In Cause No. 125,216, the trial court made a similar adjudication although the language was not identical.

 There is respectable authority to the effect that a court will not usually consider a constitutional question when the case can be determined without ruling upon that question. It is our opinion that this is not a question of "lack of jurisdiction in the trial court" but rather a question as to the exercise of judicial discretion in relation to the trial of the issues then presented. We will not review the exercise of discretion by the trial court but will review the validity of the trial court's determination of the constitutional issue. At the time of the oral argument before this Court, the City Attorney of the City of Scottsdale advised the Court that between the time of the trial court's judgment which is now under consideration and the time of oral argument, the City of Scottsdale has taken those steps which are necessary and has again adopted a Charter. We are not called upon to pass upon this event or its legal effect.

 In our opinion, the above quoted constitutional language is clear and unambiguous. The City of Scottsdale urges that courts will take action in relation to procedural defects which are brought to the court's attention before an election is held but will not, in the absence of fraud, upset the will of the people if the same has been expressed in an election which has already been held. The City of Scottsdale urges that the voting of February 23, 1960, "was held in substantial compliance" with the constitutional directive relating to the manner of calling and holding an election. We do not deem it necessary to discuss and distinguish the cases urged by the City of Scottsdale in support of its position, nor do we deem it necessary to discuss and distinguish the application of statutory law as distinguished from the application of constitutional provisions. The fact that

people voted and approved does not validate a purported election which is held contrary to constitutional directives. When an election is so held, even though approved by those who cast their ballots, the results of the so called election are void. This is well established in "The Basic Sciences Case" of Estes v. State Of Arizona, 48 Ariz. 21, 58 P.2d 753 (1936). Estes was a criminal case attacking the validity of the Basic Science Law pursuant to the provisions of which Estes had been convicted. In Estes the Arizona Supreme Court was faced with a problem somewhat similar to the problem now before this Court. The Legislature had passed a Basic Science Law and promptly a referendum was filed with reference to the law, this being done on June 12, 1933. In relation to such matters the constitution requires that a law so referred be voted upon "at the next general election". In the year 1933 the Congressman-elect resigned creating a vacancy in that office and a special election was called to fill that vacancy which election was held on October 3, 1933. The Secretary of State caused the referred measure to be placed on the ballot at the time of the October 3, 1933 voting. A majority of the electors who voted on this measure voted in favor of approving the Basic Science Law. By an earlier case, cited in Estes, the Supreme Court had already determined that the October 1933 election was not a general election. In holding that the Basic Science Law was not legally adopted because of the fact that it was submitted to other than a general election, the Supreme Court stated on Page 24 of the Arizona Reports, on page 754 of 58 P.

"It is too bad the error of submitting it at a special election should have occurred, and we regret exceedingly to have to declare the law void after the people have voted upon it favorably and the medical profession for some three years has acted under it. The provisions of the Constitution, however, are paramount, and must be ad-

hered to in election matters as well as all others".

Other Arizona Supreme Court cases which state that Section 32 is clear and mandatory are: State ex rel. Morrison v. Nabours, 79 Ariz. 240, 286 P.2d 752 (1955), Sims Printing v. Frohmiller, 54 Ariz. 64, 92 P.2d 334 (1939), Taylor v. Frohmiller, 52 Ariz. 211, 79 P.2d 961 (1938).

The City of Scottsdale urges that the test to be applied after an "election" has been held is whether or not there has been "substantial compliance". In support of this position the City of Scottsdale cites the case of Kerby v. Griffin, 48 Ariz. 434, 62 P.2d 1131 (1936). It is our opinion that Kerby can be readily distinguished. The major portion of the opinion illustrates the fact that the then Secretary of State had it within his power to comply with the statutory law by making a reasonable effort to do so and then postulates that had the Secretary substantially complied with the statutory law, the matters which should have been on the ballot could have been properly placed on the ballot.

In each case, the judgment of the trial court is affirmed.

CAMERON and DONOFRIO, JJ., concur.