[Crim. No. 843. Fifth Dist. Nov. 5, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER VARGAS ARVIZU, Defendant and Appellant.

## COUNSEL

Peter Vargus Arvizu, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and O. Robert Simons, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COAKLEY, J.**—Appellant was charged in an information with violating Penal Code section 12021, possession of a firearm by a convicted felon. Appellant's Penal Code section 1538.5 motion to suppress the evidence of a .22 caliber pistol taken from him by police was denied. A similar motion made during the trial was likewise denied. The jury returned a verdict of guilty and appellant was sentenced to 180 days in jail.

The evidence established that the appellant had purchased the pistol at a pawn shop on February 12, 1969; that he signed certain forms, including a "Record of Sale" on which the serial number of the pistol was written, and copies of which were forwarded to the federal government, to the local chief of police, and to the State of California; that appellant had served a prison term in California following a felony conviction in 1959; that upon receiving a copy of the Record of Sale the police obtained an arrest warrant and proceeded to the room in the hotel which appeared on the report form as appellant's address; that upon knocking on the door the officers were admitted to the room by an unidentified person who departed imme-

diately; that appellant was informed that the officers had a warrant for his arrest for possession of a gun by a convicted felon; that he was thereupon placed under arrest; that appellant was lying on the bed in the small 10 x 10 room when the officers entered and arrested him; that he was directed to remain on the bed and was asked where the gun was; that he responded, "It is in the duffel bag at the foot of the bed"; that the officers then retrieved the gun from the duffel bag; that it had not been visible from outside the bag; that no search warrant had been issued and the appellant was not given any warning of his *Miranda* rights.

*Issue No. 1: Was appellant's Fourth Amendment right of protection against unreasonable searches and seizures violated by the search of his duffel bag and the seizure of the pistol?* No.

Notwithstanding the absence of a search warrant, the search and the seizure were valid for these reasons:

(1) Appellant was arrested pursuant to a valid warrant of arrest. This is a pre-*Chimel* case (*Chimel* v. *California*, 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034]), and *Chimel* is not applicable to prosecutions for offenses committed prior to June 23, 1969, the date of that decision. (*People* v. *Edwards*, 71 Cal.2d 1096 [80 Cal.Rptr. 633, 458 P.2d 713].)

Prior to *Chimel* ". . . it was proper for them [officers], as an incident to a lawful arrest, to search the *premises* and seize articles which they believed were being used by petitioner [appellant] in the commission of the crime for which he was arrested." (Italics added.) (*In re Dixon*, 41 Cal.2d 756, 761-762 [264 P.2d 513]; see *People* v. *Edwards, supra*, 71 Cal.2d 1096, 1106-1107, and pre-*Chimel* cases cited therein at page 1107.)

(2) *Chimel* holds that the permissible scope of a search incident to a lawful arrest is "the arrestee's person and the area 'within his immediate control,' " i.e., "the area from within which he might gain possession of a weapon or destructible evidence." (*Chimel* v. *California, supra*, 395 U.S. 752, 763 [23 L.Ed.2d 685, 694, 89 S.Ct. 2034, 2040].)

In our opinion a duffel bag at the foot of a bed on which an arrestee is lying is within the area of permissible search as defined in *Chimel*, particularly where, as here, the police had cause to believe he was in possession of a gun and that was the reason for his arrest.

The search in this case is indistinguishable from the search which was upheld in *People* v. *Belvin*, 275 Cal.App.2d 955 [80 Cal.Rptr. 382]. There, upon being told that she was under arrest,[1] the appellant walked to a bed-

---

[1]Appellant was wanted for parole violation in connection with narcotics.

room and sat on the bed. Her purse lay on the floor near the bed. An officer picked up the purse, opened it, and found two balloons of heroin and a roll of coins. The court rejected appellant's contention of an unlawful search and seizure and held that while, as the result of *Chimel,* ". . . the boundaries of the area of immediate control are now more closely circumscribed than they have been in the past . . . it is equally evident that normal extensions of the person remain subject to search and that articles customarily carried by an arrested person fall within the area of his immediate control. In the category of such articles we include a woman's purse, a man's wallet, a jacket, a hat, an overcoat, and a brief case in use at the time of the arrest, even though these articles may not be on the immediate person of the arrestee at the moment of arrest. Such articles not only serve as possible sources of concealed weapons and of evidentiary items but also normally accompany the arrested person on his removal to some other place. Their search thus serves the dual function of security and of legitimate investigation. We conclude that defendant's purse, apparently in use by her at the time of her arrest, legally amounted to an extension of her person and could be searched on her arrest." (*People* v. *Belvin, supra,* 275 Cal.App.2d 955, 958.)

By a parity of reasoning, we hold that the duffel bag was in the area of appellant's immediate control, that it was an extension of his person, and that the search for a gun was legally permissible.

■ *Issue No. 2: Was it error to admit into evidence proof of appellant's prior conviction?* No.

Proof of a prior conviction of a felony is an essential element of Penal Code section 12021, the crime with which appellant was charged. ■ Whatever the merits, if any, of appellant's contention that his 1959 conviction was invalid as being in violation of a constitutional right, it cannot be considered on this appeal because the issue was not raised in the trial court.[2] (*People* v. *Brawley,* 1 Cal.3d 277, 294 [82 Cal.Rptr. 161, 461 P.2d 361] and *People* v. *Merriam,* 66 Cal.2d 390 [58 Cal.Rptr. 1, 426 P.2d 161].)

■ *Issue No. 3: Should the pistol have been excluded from evidence because the appellant was not given a Miranda warning?* No.

---

[2] Actually, the record herein discloses that on January 9, 1959, appellant appeared with counsel and pleaded guilty to the crime which he now contends constituted an illegal conviction. In August 1966, appellant's petition for a writ of *coram nobis,* based on the alleged illegal conviction in 1959, was denied by the California Supreme Court.

This issue was raised in the trial court but not on appeal. However, we consider it because the appellant is acting in propria persona in this court.[3]

As noted, the defendant did not receive a *Miranda* warning prior to being asked the question as to the whereabouts of the gun and answering that it was in the duffel bag.

We have held, *supra,* under Issue No. 1, that the officers were entitled to search the duffel bag at the foot of the bed on which appellant was lying. There can be little doubt that, even in the absence of appellant's statement that the gun was in the duffel bag, search of the bag would have disclosed the gun. We hold, therefore, that to the extent, if any, that the inquiry was forbidden under *Miranda* rules, it was nonprejudicial beyond a reasonable doubt. (*Chapman* v. *California,* 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]; see *People* v. *Belvin, supra,* 275 Cal.App.2d 955.)

**■** *Issue No. 4: Appellant's demand for damages allegedly suffered as the result of his arrest.*

Appellant contends that he was asleep in the bedroom when the police entered the room to serve the warrant of arrest at approximately 9 p.m., and that their drawn guns so frightened him that he suffered extreme shock, a heart seizure, paranoia and claustrophobia. He seeks $4,213,000 damages for the alleged injury to his health. He cites no authority, and we know of none, permitting recovery of damages in a criminal action or on appeal in such action. Further, the issue was not raised in the trial court, and, therefore, it may not be considered on appeal. (*People* v. *Brawley, supra,* 1 Cal.3d 277, 294, and *People* v. *Merriam, supra,* 66 Cal.2d 390.)

The judgment is affirmed.

Gargano, Acting P. J., and Ginsburg, J.,* concurred.

---

[3]He does so by his own express choice. On two occasions he was notified by the clerk of this court that if he was indigent and desired the appointment of an attorney the court would make such appointment. He rejected the offer in writing stating that he did not wish an attorney and that he wished to handle his appeal "pro se."

*Assigned by the Chairman of the Judicial Council.