599 P.2d 244

**The STATE of Arizona, Appellee,**

v.

**Renee Susan JUNKIN, Appellant.**

**No. 2 CA–CR 1460.**

Court of Appeals of Arizona, Division 2.

May 31, 1979.

Rehearing Denied June 27, 1979.

Review Denied July 19, 1979.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by James E. Sherman, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty of possession of a narcotic drug, heroin, in violation of A.R.S. § 36–1002, as amended, and § 36–1002.10. The imposition of sentence was suspended for five years and appellant was placed on probation on condition that she enter a drug-counseling program.

We originally issued an opinion reversing for the reason that the evidence did not

show possession of a useable quantity of narcotics. Upon the state's motion for rehearing, we reversed our position. The original opinion and the opinion on rehearing are hereby vacated and will remain unpublished. This opinion on rehearing is substituted in place of the previous opinions.

■ Appellant contends that her initial detention and interrogation by police officer Mesa was unlawful and that the evidence seized should have been suppressed. The following test of "reasonableness" was adopted in *State v. Baltier*, 17 Ariz.App. 441, 498 P.2d 515 (1972):

"There must be a rational suspicion by the police officer that some activity out of the ordinary is or has taken place, some indication to connect the person under suspicion with the unusual activity, and some suggestion that the activity is related to crime." 17 Ariz.App. at 448, 498 P.2d at 522.

The information the officer is faced with can be viewed in the light of the fact that he relied on his past experience to interpret the actions of those he had under surveillance. *State v. Sardo*, 112 Ariz. 509, 543 P.2d 1138 (1975).

■ The facts adduced at the suppression hearing lead us to conclude that the officer had reason to believe that criminal activity was afoot. Officer Mesa testified that the area in which appellant was stopped was having "extreme problems" concerning narcotics, rip-offs and prostitution. He testified he saw appellant standing with other persons on 26th Street between South Sixth and Seventh Avenues. He saw a black man come out of the Close-Inn and "make contact" with appellant. Appellant, who was carrying a small child, walked to the rear of the annex with the man, entered and returned alone after a few moments. The officer then saw her motion to another person in the group who got into a car and drove north on South Sixth Avenue. The officer followed the car in his patrol car. As he did so, he saw appellant walk out the front of the Close-Inn annex and proceed

north on South Sixth. The officer pulled over in front of appellant and, as he did so, he saw her throw something into the front of her pants with her left hand, turn and attempt to walk away. The officer stopped her and had her empty her purse, which ultimately led to her arrest and discovery of three packets of heroin on her person. We think the officer was justified in concluding that the activity was related to crime, and when he approached appellant and she saw him for the first time, her furtive gesture further supported his stop and search. *State v. Hunt*, 118 Ariz. 431, 577 P.2d 717 (1978).

■ Appellant's second point is a constitutional challenge to South Tucson City Code § 11.118.[1] Appellant never sought to make this argument at the trial court level and makes this argument for the first time on appeal. As a general rule, even in criminal cases, to preserve a constitutional question for review, it must have been properly and reasonably asserted in the lower court. *Brown v. Crouse*, 425 F.2d 305 (10th Cir. 1970); *People v. Arvizu*, 12 Cal.App.3d 726, 90 Cal.Rptr. 895 (1970); 24 C.J.S. Criminal Law § 1676 at 1163–67.

■■ In Arizona there are exceptions to this doctrine. Where for any constitutional reason the law under which a party is being prosecuted is void, the constitutional question can be raised for the first time on appeal, *State v. Pugh*, 31 Ariz. 317, 252 P. 1018 (1927). Under A.R.S. § 13–1715,[2] the appellate court must search the record for fundamental error, which can be urged for the first time on appeal. *State v. Mendiola*, 23 Ariz.App. 251, 532 P.2d 193 (1975).

■ Another exception is where the issue is one of public policy or of broad, general or state-wide concern. In such a case, a constitutional question can be raised for the first time on appeal. *Porter v. Eyer*, 80 Ariz. 169, 294 P.2d 661 (1956); *Arnold v. Knettle*, 10 Ariz.App. 509, 460 P.2d 45 (1969). None of these exceptions apply here, and appellant therefore waived her constitutional challenge.

---

1. This ordinance makes it unlawful to possess narcotics paraphernalia.

2. Now § 13–4035.

Appellant's last contention is that the evidence was insufficient to prove that she possessed a useable amount of heroin. That contention is not correct.

The case was submitted "on the record" to the trial court, the record consisting of a grand jury transcript, the transcript of the hearing on the motion to suppress and a laboratory report of the city-county crime laboratory. Before a defendant can be found guilty of possession of a narcotic, it must be found that he possessed a sufficient quantity of the prohibited substance to be useable as a narcotic under the known practices of addicts. *State v. Moreno*, 92 Ariz. 116, 374 P.2d 872 (1962). Sufficiency of the evidence to support a conviction after submission of the case to the court based on stipulated evidence may be reviewed on appeal. *State v. Eliason*, 25 Ariz.App. 523, 544 P.2d 1124 (1976).

The grand jury transcript reveals that the arresting officer testified that the substance seized from appellant was tested positive for heroin by the crime laboratory. However, the officer did not testify then, or at the suppression hearing, that appellant possessed a useable amount of heroin. The laboratory report states that the three folded foils found on appellant contained "92 mg., 44 mg., and 89 mg. of a greyish substance" and the report results state, "The greyish substance in the foils contains heroin." It does not state that all the grayish substance in the foils was heroin.

In *Moreno*, supra, our Supreme Court discussed a line of cases dealing with the sufficiency of the evidence in narcotics possession prosecutions. The court agreed with those cases holding that while no specific amount of narcotics must be shown, the record must contain evidence that an amount of narcotic drug sufficient to be used by an accused was possessed. It stated:

> "We believe the correct rule to be applied under a statute such as ours is that where the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if useable under the known practices of narcotic addicts. We hold that only in those

cases where the amount is incapable of being put to any effective use will the evidence be insufficient to support a conviction." 92 Ariz. at 120, 374 P.2d at 875.

Circumstantial evidence may be used to show appellant had a useable amount of the narcotic substance. *State v. Cunningham*, 17 Ariz.App. 314, 497 P.2d 821 (1972). Here the evidence showed:

1. The packets contained a gray substance which contained heroin.

2. Appellant possessed two hypodermic syringes and a cooking spoon.

3. Appellant attempted to hide the packets when she was approached by a police officer.

4. Appellant described the packets as "three papers of heroin."

All of these circumstances are sufficient for the trier of fact to determine that the packets contained a useable amount of heroin. Appellant's conviction is affirmed.

RICHMOND, C. J., and HOWARD, J., concur.