716 P.2d 421

Greg E. SEARLES, Plaintiff-Appellant,

v.

Don W. STRAUCH, Don Cooper, L. Alton Riggs, Jr., Murray E. Woods, Sumner "Al" Brooks, and Dave Guthrie, individually, and as members of the Mesa City Council, and the City of Mesa, a municipal corporation, Defendants-Appellees.

No. 1 CA–CIV 7454.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 19, 1985.

Reconsideration Denied March 4, 1986.

Burger, Gibson, Matheson, Whitney & Weber by Franklin K. Gibson, Mesa, for plaintiff-appellant.

Johnson & Shelley, by Richard G. Johnson, Jr., Mesa, for defendants-appellees.

## OPINION

McFATE, Judge (Retired).

Plaintiff-appellant Greg E. Searles brought this special action in superior court against the City of Mesa (City) and the members of its City Council seeking relief based on the City's implementation of an initiative measure amending the Mesa City Charter. The trial court made findings of fact and conclusions of law and entered judgment in favor of the City.

The pertinent facts are as follows. On December 21, 1981 an initiative petition was filed with the City Clerk of the City of Mesa proposing that the following question be submitted to the voters at the primary election of March 30, 1982:

Shall Article IX of the Mesa City Charter be amended by repealing the existing Sections 902.01 and 902.02, and substituting as a new Section 902.01 the following language:

'The City of Mesa shall take such action as is necessary to enable any person, group or organization hosting any function or event at the Mesa Community Center which desires to do so to make alcoholic beverages available to those attending the function or event, in the manner prescribed by law.'

At the election of March 30, 1982, the voters approved the proposed Charter amendment.

Plaintiff commenced this special action on May 25, 1982. In an amended complaint filed June 9, 1982, he contended that the Charter amendment was entirely invalid because the initiative petitions from which it ultimately resulted were filed less than four months before the election at which the proposed amendment was voted upon, in violation of Ariz.Const. art. IV, pt. 1, § 1(4).

The City later moved to dismiss the amended complaint on all issues. On October 7, 1982, the trial court filed a "memorandum decision" ruling on that motion as one for summary judgment. In its decision the trial court held that under Arizona case law the alleged untimely filing of the initiative petitions could not be challenged after the election at which the initiative measure was adopted. Thereafter plaintiff brought this appeal.

Plaintiff raises the following questions: (1) May a challenge to an initiative measure based on the alleged untimely filing of initiative petitions be raised after the measure has been approved by the voters? (2) Does Ariz. Const. art. IV, pt. 1, § 1(4), requiring that initiative petitions be filed not less than four months preceding the date of the election at which the proposed measures are to be considered by the voters, apply to initiatives to amend a city charter?[1]

 Plaintiff first contends that the trial court erred in holding that he could not challenge the alleged untimely filing of the initiative petitions after the election at which the initiative measure was adopted. He reasons that the Arizona cases on which defendants and the trial court relied are applicable only where the challenge is directed to a "mere defect of form." We do not agree with plaintiff's construction of the case law. Subject to a limited and well-defined exception, the settled law in Arizona is as stated in *Hernandez v. Frohmiller*, 68 Ariz. 242, 204 P.2d 854 (1949):

[A]fter a statute has been passed by a vote of the people and promulgated as the law, this court's sphere of inquiry is and should be whether the law itself in its final form is constitutional as to its provisions, and not whether there was a constitutional defect in the proceedings leading to its final passage. 68 Ariz. at 259, 204 P.2d 854.

1. At oral argument plaintiff withdrew a third issue.

*Accord Dennis v. Jordan,* 71 Ariz. 430, 229 P.2d 692 (1951); *Renck v. Superior Court,* 66 Ariz. 320, 187 P.2d 656 (1947); *Allen v. State,* 14 Ariz. 458, 130 P. 1114 (1913). In *Renck* the plaintiffs challenged an initiative petition before the election, alleging fraud and irregularities in procuring signatures. No restraining order or preliminary injunction was sought. The election was held and the proposed constitutional amendment was adopted. The attorney general thereafter sought a writ of prohibition to preclude the trial court from proceeding further with plaintiffs' challenge. Reaffirming *Allen,* the court granted prohibition. As the court in *Renck* put it:

> Once the measure has been placed upon the ballot, voted upon and adopted by a majority of the electors, the matter becomes political and is not subject to further judicial inquiry as to the legal sufficiency of the petition originating it. 66 Ariz. at 327, 187 P.2d 656.

This principle is based on the doctrine of separation of powers. *Renck v. Superior Court, supra; Allen v. State, supra.*

The rule does not affect the availability of injunctive relief where the election has not yet been held. Thus, the court stated in *Kerby v. Griffin,* 48 Ariz. 434, 62 P.2d 1131 (1936):

> [W]hen it appears affirmatively the constitutional and statutory rules in regard to the manner in which initiative and referendum petitions should be submitted have been so far violated that there has been no substantial compliance therewith, ... the courts have jurisdiction to enjoin the election at the suit of an interested citizen. 48 Ariz. at 445, 62 P.2d 1131.

The sole exception to the rule of *Hernandez, Renck* and *Allen* is exemplified in *Tucson Manor v. Federal National Mortgage Association,* 73 Ariz. 387, 241 P.2d 1126 (1952). There the court invalidated a statutory amendment on the ground that it was adopted by the people at a special election rather than at the "next general election" as required by Ariz. Const. art. IV, pt. 1 § 1(10). Concerning *Renck* and *Allen,* the court stated:

> The principle laid down in the above cases, which we believe are sound, is to the effect that once an election sanctioned by law is held it is then too late to question the steps or legal procedure by which the measure got upon the ballot; whereas in the instant case the plaintiff is not contesting the procedure or mechanics of the election but is insisting that the amendment *was not submitted at a proper election,* i.e., to 'the next regular general election' as required by the Constitution. 73 Ariz. at 389, 241 P.2d 1126.

*Accord Estes v. State,* 48 Ariz. 21, 58 P.2d 753 (1936).

Here the action was filed almost two months after the voters of the City of Mesa had approved the proposed amendment to their City Charter. Plaintiff does not attack the validity or propriety of the election per se, but rather the timing of the election. His contention that the charter amendment is invalid because the initiative petitions were filed less than four months in advance of the election at which the amendment was approved is not equivalent to a contention that the proposed amendment was not submitted at a proper election as required by the Arizona Constitution. What is at issue is instead the steps or legal procedure by which the measure got upon the ballot. *See Tucson Manor, supra.* Accordingly, the trial court properly held it was precluded from addressing that issue.

This court will not determine constitutional issues unless a decision is necessary to determine the merits of the action. *State v. Yslas,* 139 Ariz. 60, 676 P.2d 1118 (1984). Since we have determined that the challenge in this case could not be made after the election, we do not reach plaintiff's contention that the Charter amendment is invalid because the initiative petitions which resulted in it were untimely filed.

The decision of the trial court that it was precluded from ruling on the alleged pre-election procedural defects is affirmed.

GREER, P.J., and BROOKS, J., concur.

Note: The Honorable YALE McFATE was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, §§ 3, 20.