767 P.2d 1199

Bruce G. DEWEY, Plaintiff/Appellant,

v.

Robert Thomas JONES, in his official capacity as Mayor of the Town of Marana; Dorothy Honeycutt, in her official capacity as Clerk of the Town of Marana; Ray Teran, in his official capacity as Manager of the Town of Marana; the following individuals acting in their official capacities as Town Councilpersons; Daniel Groseclose, Tom Hum, Ora Harn, Robert McCrea, David Morales, and Billy W. Schisler; and The Town of Marana, Defendants/Appellees,

and

Leisure Technology of Arizona, Inc. an Arizona Corporation, and Trust Agreement with Bettina v. Steinfeld dated August 14, 1935 and Trust under Agreement with Harold Steinfeld, et al., dated January 28, 1970, Intervenors.

No. 2 CA–CV 88–0368.

Court of Appeals of Arizona, Division 2, Department A.

Jan. 19, 1989.

Robert B. Fleming, Tucson, for plaintiff/appellant.

John R. Moffitt, Tucson, for defendants/appellees.

Lewis & Roca by John N. Iurino and Merle J. Turchik, Tucson, for intervenors.

## OPINION

LIVERMORE, Presiding Judge.

This appeal raises the question whether appellee, the Town of Marana, may provide by ordinance that a referendum on a town ordinance be voted on at a special election. We agree with the trial court that it may.

Appellant's argument is that because the state constitution, Ariz. Const. art. IV, Pt. 1, § 1(10), requires that state initiative and referendum petitions be voted on at the next "regular general election," no town ordinance may provide for voting other than at regularly scheduled town elections. It is clear that this constitutional provision precludes voting on statewide initiative and referendum petitions other than at general elections. *Tucson Manor, Inc. v. Federal National Mortgage Ass'n*, 73 Ariz. 387, 241 P.2d 1126 (1952); *Estes v. State*, 48 Ariz. 21, 58 P.2d 753 (1936).

The effort, however, to impose the state model by analogy on town petitions is expressly precluded by the constitutional provision allowing towns to "prescribe the manner of exercising [the powers of initiative and referendum] within the restrictions of general laws." Ariz. Const. art. IV, Pt. 1, § 1(8). This provision empowers a municipality to provide for voting on referendum petitions at a special election. See *Williams v. Parrack*, 83 Ariz. 227, 319 P.2d 989 (1957) (city charter provision calling for special election on initiative petitions). No general law forbids it. The only general law applicable to initiative and referendum, A.R.S. §§ 19–141 to –144, by its terms does not apply to towns which provide by ordinance, as Marana does in this case, "for the manner of exercising the initiative and referendum powers." A.R.S. § 19–141(A); *Pointe Resorts, Inc. v. Culbertson*, 156 Ariz. 158, 750 P.2d 1361 (1987).

AFFIRMED.

HATHAWAY and HOWARD, JJ., concur.