Submitted on appellant's brief October 26, affirmed December 9, 1971, petition for rehearing denied January 4, petition for review denied February 8, 1972, 

## STATE OF OREGON, *Respondent, v.* KENNETH RICHARD GOETZ (No. 1036), *Appellant.*

491 P2d 220

Gary D. Babcock, Public Defender, Salem, filed the brief for appellant.

No appearance for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

Defendant appeals following a jury trial on the charge of possession of marihuana, ORS 474.020, that resulted in conviction. The only assignment of error that merits discussion is defendant's claim that the state must prove possession of a usable amount of marihuana, and that it failed to do so.

We have found no Oregon cases on point, although the issue has been mentioned. *See, State v. Burgess,* 5 Or App 164, 483 P2d 101 (1971); *State v. O'Brien,* 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971), *aff'd* 94 Adv Sh 1281, — Or —, 496 P2d 191 (1972). Cases from other jurisdictions are collected in Annotation, 91 ALR2d 810 (1963). At least five jurisdictions (California, Arizona, Texas, Idaho and the District of Columbia) have formulated a rule requiring evidence that the defendant possessed a usable quantity of narcotics. A greater number of jurisdictions, including New Jersey, Missouri, Colorado, Wisconsin, Utah, Maryland, Alabama, and Washington, have concluded proof of possession of a quantity sufficient for identification will support a conviction, without any additional showing of usability.[1]

For two reasons we find it unnecessary to rule on whether the state must prove possession of a usable amount. First, the trial judge did instruct the jury that in order to convict the defendant they had to find he possessed "marihuana * * * in such quantity * * * to be susceptible of use as a narcotic."[2] Thus, the de-

---

[1] All of these decisions have been based on interpretations of the Uniform Narcotic Drug Act, ORS ch 474, which Oregon has enacted, with the exception of the California decisions, which are based on a different statutory scheme.

[2] No exception was taken to the form or sufficiency of this instruction. No additional instruction was requested on this point.

fendant had the benefit at trial of the very rule he asks us to adopt. Second, there was ample evidence from which the jury could have found that defendant did possess such a quantity.

The defendant's panel truck was stopped by a police officer on a highway near Baker for a traffic violation. At the officer's request, the defendant got out of his truck, walked to the police car parked immediately behind his truck, and sat in the back seat of the police car while the officer went through the usual procedures of checking license and registration and making out a traffic citation. During the conversation that followed, the officer stated to the defendant that he had detected the odor of marihuana when he first stopped defendant's truck, and asked defendant's permission to search the truck. The defendant declined to allow a search.

The officer then suggested he would apply for a warrant to search the truck.[9] At this point the defendant jumped out of the back seat of the police car, ran to his truck, grabbed his jacket out of the truck, and began running down the highway. As the officer pursued, he observed defendant take a "baggie" out of the right pocket of his jacket and throw the contents of it out along the highway as he ran. After a chase covering about 100 yards, the defendant was captured and arrested.

At trial, in addition to the above testimony, the state introduced: (1) the "baggie" recovered from defendant when he was captured and arrested, which still contained some vegetable matter; (2) some addi-

[9] No question was raised at trial or on appeal about the propriety of this suggestion by the officer. *Compare:* State v. Douglas, 5 Or App 175, 481 P2d 653, *aff'd* 260 Or 60, 488 P2d 1366 (1971), *cert denied* 406 US 974 (1972).

tional vegetable material recovered from the lining of defendant's right jacket pocket; and (3) a pipe (which contained some burned vegetable matter) later seized from defendant's truck pursuant to a search warrant. Analysis of these items established they all contained marihuana.

The defendant's expert witness testified that, as produced at trial, the three items contained an aggregate of 1½ to 2 milligrams of marihuana, and that this was not a usable amount. The state's witnesses did not testify to the contrary, but did explain that some of the marihuana originally seized had been destroyed in the chemical testing process.

■ Defendant seems to have assumed, as part of his argument in this court, that any usable-amount question is limited to the amount of narcotics that the state literally introduces as evidence at trial, that is, two or less milligrams in this case. We have, however, discovered no cases that would support such a concept, even in those states that have adopted a usable-amount requirement. Instead, the amount of narcotics the defendant had in his possession, like any element of any other crime, can be proven by circumstantial evidence. *State v. Dennis,* 177 Or 73, 159 P2d 838, 161 P2d 670 (1945); *State v. O'Brien,* supra.①

■ In this case there was substantial circumstantial evidence that defendant possessed a usable amount of marihuana. There was testimony that he threw sub-

---

① This court was divided in State v. O'Brien, 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971), *aff'd* 94 Adv Sh 1281, — Or —, 496 P2d 191 (1972). However, both the majority opinion and dissent agreed with the proposition that possession of narcotics could be proved by circumstantial evidence. The split was over whether there was sufficient circumstantial evidence to convict in that case.

stantial amounts of vegetable matter resembling marihuana from a "baggie" that had some marihuana left in it. There was additional marihuana in the coat pocket where the "baggie" had been concealed. There were the burned remains of marihuana in the pipe seized from defendant's truck. All together this evidence created a jury question on the issue of whether the defendant possessed marihuana in usable quantities.

Affirmed.