492 P.2d 1189

**STATE of Arizona, Appellee,**

v.

**David Alan LAURINO, Appellant.**

No. 2084.

Supreme Court of Arizona,
In Banc.

Jan. 19, 1972.

———◆———

Gary K. Nelson, Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Maxwell Palmer, Jr., Tucson, for appellant.

LOCKWOOD, Justice:

David Alan Laurino was charged with unlawful possession of marijuana for sale in violation of A.R.S. § 36–1002.06. He was found guilty by a jury and sentenced to from five to seven years in the state prison. From this conviction and sentence he appeals.

On May 31, 1968, Detective Werner Wolff of the narcotic control detail of the Tucson Police Department procured a search warrant for the premises which the defendant and another party were renting. When Wolff arrived, accompanied by other officers, various people standing outside the house "scattered." Wolff ran toward the house but fell. When he got up he noticed the defendant, whom he recognized as having seen around the area previously, entering a vehicle. He informed the defendant that he had a search warrant, and the defendant accompanied him into the house. Defendant waited in the living

room with seven other suspects while the entire premises were searched by Wolff with the assistance of the other officers.

The search produced numerous cigarette papers, a set of scales upon which was found residue later identified as marijuana, envelopes, some of which were empty and some of which contained marijuana. Residue of marijuana was found in the toilet. The officers testified that the odor of marijuana permeated the room when they entered. When the envelopes of marijuana were found in the living room near the defendant, he exclaimed "they found that one too."

Subsequent to the completion of the search, all eight suspects were arrested and taken into custody.

Defendant argues first that his conviction for possession of marijuana was invalid because the only evidence of possession presented at trial was that defendant was a co-tenant of the house where the marijuana was found.

■ If this were the sole proof offered, we agree it would ordinarily be insufficient evidence to convict for possession of marijuana. *Cf.* United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); State v. Allen, 9 Ariz.App. 196, 450 P.2d 708 (1969); State v. Van Meter, 7 Ariz.App. 422, 440 P.2d 58 (1968), (where mere presence is insufficient for conviction of possession). This, however, was not the only evidence presented at trial.

The total evidence introduced for proof of possession was as follows: The defendant was a co-tenant of the premises at the time the search was made. He had personally negotiated the lease and paid the rent. There was also proof that he was present at the time the marijuana was found and bent on flight when the police arrived. That the marijuana and paraphernalia were found throughout the house including the bedroom where the defendant's clothes were found is highly significant. Finally, the defendant's remark when the marijuana was found on the table in the living room was inculpatory. These facts, taken to-

gether, were sufficient to establish that Laurino knowingly possessed and exercised dominion and control over the drugs. State v. Allen, *supra*.

■ The second issue presented for our review is whether the state adequately proved that the marijuana found on the premises was of sufficient potency to produce a narcotic effect.

We have formerly held that if there is proof that the amount of narcotics found is capable of being put to "effective use," a conviction for possession will be affirmed. *See* State v. Quinones, 105 Ariz. 380, 465 P.2d 360 (1970); State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (1962); State v. Rios Payan, 15 Ariz.App. 128, 486 P.2d 808 (1971).

The testimony at the trial was that the marijuana found was of a usable amount. The narcotic specialist testified:

"A. There is definitely a usable amount in that one [Referring to the exhibit] so is 5; so is 6.

"Q. And I am speaking of the purpose for smoking.

"A. This is correct.

"Q. Have you had occasion to in the past to—well let me ask you this; from your experience in the narcotics field, with regard to a rolled cigarette in this area, do you have an opinion as to the weight of marijuana in one cigarette?

"A. Generally a half a gram; a gram point four and point five; half a gram. There are some that weigh less and some that weigh more; generally half a gram."

The chemist testified that the first exhibit contained approximately 15 grams of marijuana, the second contained 6 grams and the third contained 24 grams. This evidence was sufficient for the jury to convict the defendant for possession of a "usable" amount of marijuana.

The final argument made by the defendant is that the double jeopardy clause of the United States Constitution compels the decision that he should not have been retried for the same offense when there had

been a previous mistrial resulting from misconduct upon the part of the state.

We need not reach the merits of this question because we find that the records indicate that there had not been a prior mistrial in defendant's case. The minutes and orders show that the defendant was to be tried originally at the same time with his co-defendant Steven Henry Meiller. The trials were later severed and Laurino's trial was set for February 25, 1969. He was tried at that time and it is that trial which is the subject of this appeal. Meiller's trial which began on February 18, 1969 terminated in a mistrial.

Judgment and sentence of the trial court affirmed.

HAYS, C. J., CAMERON, V. C. J., STRUCKMEYER and HOLOHAN, JJ., concur.