497 P.2d 821

The STATE of Arizona, Appellee,

v.

Bruce CUNNINGHAM, Appellant.

No. 2 CA–CR 280.

Court of Appeals of Arizona, Division 2.

June 8, 1972.

Rehearing Denied July 7, 1972.

Gary K. Nelson, Atty. Gen., by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Edward P. Bolding, Pima County Public Defender, by Eleanor Daru Schorr and Raymond R. Hayes, Deputy Public Defenders, Tucson, for appellant.

HOWARD, Judge.

Defendant-appellant, Bruce Cunningham, appeals from a conviction of unlawful possession of marijuana, a misdemeanor. A jury was waived and the case was tried to the court. The defendant was found guilty and placed on probation for nine months.

The facts considered in the light most favorable to upholding the judgment of the

trial court arc as follows: Officer Robert Wingfield, of the Tucson Police Department, was at an intersection in Tucson, Arizona, in his unmarked patrol car when he noticed the appellant and his companion, a Mr. Mackey, get out of an automobile and cross the street in the crosswalk in the vicinity of his patrol car. As they passed in front of the officer's car, he noticed the appellant, Mr. Cunningham, smoking a yellow-type cigarette. He saw him take "a real long drag" and then hand it to Mr. Mackey. At that time Mr. Mackey also "took a drag off of it" and handed it back to Mr. Cunningham. After the appellant and his companion crossed the street the police officer pulled his unit over next to the appellant. The appellant walked over to the window of the police unit and at that time leaned in the window and asked the officer if he was going to give him a ride. At that time the police officer noticed a very strong smell of marijuana coming from the appellant, and in particular from the cigarette which was burning and which was in appellant's left hand. The officer stepped out of the automobile, showed the appellant his identification, and also asked Mr. Cunningham for his identification. At that time Mr. Mackey came back over to the patrol car. Officer Wingfield asked Mr. Mackey for identification and then asked him to have a seat in the back of the patrol car. Officer Wingfield then placed Mr. Cunningham under arrest. Officer Wingfield then saw Mr. Mackey attempt to conceal a blue case under the seat of the patrol car. The officer recovered this case, which subsequently was found to contain marijuana cigarettes wrapped in yellow and white papers.

When the officer asked the appellant where he got the cigarette that he was smoking, he responded that he had gotten it from Mr. Mackey.

The appellant presents the following question for review:

"Where a useable quantity of marijuana was not found upon the person of the defendant, but where a companion with whom defendant was walking along the street was found to have marijuana in his possession, was there sufficient evidence to convict the defendant of the unlawful possession of marijuana?"

In raising the foregoing question, appellant contends that the court erred in admitting into evidence the box of marijuana cigarettes which Mackey had in his possession and compounded this error by then finding appellant guilty of possession of marijuana.

At the trial the expert witness for the State testified that the remains of the cigarette which Officer Wingfield secured from appellant contained some burnt residue and two or three scorched marijuana seeds. On cross-examination this expert testified as follows:

"Q. Did you determine whether or not the two seeds in the cigarette butt contained any tetrahydrocannibinol?

A. The seeds contained very little if any tetrahydrocannibinol.

Q. Did you run a test to determine whether or not these particular burned seeds contained tetrahydrocannibinol?

A. No, I did not.

Q. And is it your opinion then that it is not a useable amount of marijuana, is that correct?

A. Yes, it is not a useable amount."

Appellant first contends that it was error to admit into evidence the cigarettes that Mackey had attempted to conceal. It is true that the crime of illegal possession of marijuana requires either physical possession or constructive possession with knowledge of the presence of marijuana. State v. Hunt, 91 Ariz. 149, 370 P.2d 642 (1962); Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962). It is further true that while both direct and circumstantial evidence may be used to show possession of marijuana, the evidence must link the defendant to the marijuana in a manner and to an extent that a reasonable inference arises that not only did the accused know of the marijuana's existence

and of the whereabouts, but that he had dominion and control of the marijuana. State v. Carr, 8 Ariz.App. 300, 445 P.2d 857 (1968). Although the box containing the marijuana cigarettes may not have been admissible into evidence to show that appellant had joint possession with Mackey of said cigarettes, it was admissible for another purpose, as a circumstance to show that the cigarette butt which appellant had in his possession in fact contained marijuana. While it is true that the cigarette butt introduced at trial did not contain a useable quantity of marijuana, when all the circumstances of the case are considered, we believe that the State carried its burden of proving that appellant was illegally in possession of a useable amount of the proscribed drug. We note that when first observed by Officer Wingfield, appellant and Mackey were passing the cigarette back and forth and taking drags from it. In State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (1962), the court held that there is a useable quantity of the drug if it is useable under the known practices of narcotics addicts. It is obvious that if the marijuana cigarette is actually being smoked, it is then being used under the known practices of persons who smoke marijuana. On the issue as to whether or not it did in fact contain marijuana, we find the following facts appear in the evidence:

1. The appellant smelled like marijuana.

2. The cigarette was being passed back and forth, a common practice in the smoking of marijuana.

3. The butt contained marijuana seeds, although they were scorched.

4. The yellow paper of the cigarette butt appears to be the same as the yellow paper on the marijuana cigarettes which Mackey attempted to hide.

5. Cunningham stated he got the cigarette from Mackey.

6. The cigarettes in Mackey's possession were definitely proven to contain marijuana.

All these facts together are sufficient for the trier of fact to determine that the cigarette butt which appellant had in his possession at one time contained marijuana prior to its being smoked down to the point where it contained only a burnt residue and a few charred seeds. The narcotic character of the substance may be proved by circumstantial evidence. People v. Francis, 71 Cal.2d 66, 75 Cal.Rptr. 199, 450 P.2d 591 (1969); State v. Goetz, 491 P.2d 220 (Or.App.1971); State v. Larkins, 3 Wash.App. 203, 473 P.2d 854 (1970), reversed on other grounds, 79 Wash.2d 392, 486 P.2d 95 (1971).

Affirmed.

HATHAWAY, J., concurs.

KRUCKER, Chief Judge (dissenting).

I regret that I must dissent from the opinion of my worthy and able colleagues.

The trial court's first error was in admitting as one exhibit the marijuana cigarettes in the possession of Mr. Mackey, which he attempted to hide under the seat of the unmarked police vehicle. There is no showing that appellant Cunningham had anything to do with these cigarettes and there is no showing of any control or dominion over them or joint possession of the cigarettes.

The other portion of the exhibit, the remains of a burned cigarette in the possession of appellant Cunningham, did not have a useable amount of marijuana, as was proven by the State's witness, Anna Steerngast of the Tucson-Pima County Crime Laboratory.

Our Supreme Court has repeatedly held that there must be a useable amount of the narcotic drug [1] sufficient to be used by the accused. State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (1962); State v. Laurino, 108 Ariz. 82, 492 P.2d 1189 (1972). As has been clearly stated, where there is not a useable amount of marijuana in the possession of the person accused, there cannot be a conviction of possession of marijuana.

---

1. There is a grave question as to whether marijuana is a narcotic drug.

The majority cites People v. Francis, 71 Cal.2d 66, 75 Cal.Rptr. 199, 450 P.2d 591 (1969), which I do not feel is in point. Also cited is State v. Goetz, 491 P.2d 220 (Or. App.1971). This case was reversed and remanded on the subject of the amount and indicates that Oregon does not follow the useable amount rule as Arizona does. The third case cited by the majority is State v. Larkins, 3 Wash.App. 203, 473 P.2d 854 (1970), which also deals with useable amount and was reversed. I am well aware of the fact that these cases are cited for the proposition that circumstantial evidence may be used to prove possession, but I do not think the cases are in point when the facts are studied carefully. I believe that we must follow our Supreme Court in that there must be proof of a useable amount for conviction of possession.

For the reasons stated, the conviction of the appellant Cunningham should be reversed.