Argued October 24, affirmed December 1, 1972

STATE OF OREGON, *Respondent, v.* LEWIS
ALLEN SULLIVAN (No. 4840),
*Appellant.*

503 P2d 726

*Walter I. Edmonds, Jr.,* Redmond, argued the
cause for appellant. With him on the briefs were Lar-
kin, Bryant & Edmonds, Redmond.

*Philip M. Roberts,* District Attorney, Prineville,
argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

## THORNTON, J.

Defendant appeals from his conviction for criminal activity in drugs, specifically for transportation of marihuana.[1] ORS 167.207. After jury trial, and a guilty verdict, the court suspended the imposition of the defendant's sentence and placed him on probation for three years.

On appeal, defendant's sole assignment of error is that the trial judge erred in failing to grant defendant's motion for acquittal upon the grounds that there was no proof by the state that defendant was transporting "a usable amount of marijuana."

At about 10:30 p.m. on the evening of February 18, 1972, Patrolman Moffitt of the Prineville Police Department stopped defendant to warn him concerning his improper driving. The officer testified that there were several other youths in the vehicle with defendant; that no odor of marihuana was present in the auto at this time. Following this incident and about 1:30 a.m. on the morning of the 19th, Deputy Sheriff Irwin of the Crook County Sheriff's office observed the same vehicle on Highway 26, a short

---

[1] The 1971 legislature added the word "transports" to the list of actions which constitute criminal activity in drugs. Compare ORS 167.207(1) to former ORS 474.020(1). The legislative history does not clearly indicate the reason for this addition; however, it appears that the inclusion may have been prompted by the adoption of ORS 167.247 which provides for the seizure of vehicles in which narcotic or dangerous drugs have been transported or possessed.

In any event, if the usable quantity rule applies at all to the crime of transportation, it would seem to apply equally to possession.

distance east of the city limits of Prineville, traveling at what he believed to be an excessive rate of speed. He followed the vehicle for some distance and, after it stopped, approached it to advise the driver, the defendant, of his speeding.

When Deputy Irwin reached the vehicle he observed approximately six occupants in addition to defendant. In the course of questioning the defendant he detected the odor of burned marihuana, with which he was familiar, coming from the vehicle. He mentioned this to the defendant who denied that any marihuana had been smoked in the car. However, Irwin testified that defendant invited him to search the vehicle.[2]

At this time Deputy Irwin searched only the glove compartment of the vehicle, finding a plastic bottle apparently adapted for smoking. He seized this item and then released the defendant and his passengers.

Wishing to search further, and desiring aid in his search, the deputy next radioed headquarters requesting assistance. At about 2 a.m. Deputy Irwin again stopped the defendant's vehicle, placed the occupants, including defendant, under arrest and, with help from other police officers, searched all occupants and the vehicle.

During this search the deputy found and seized a "vest-pocket" briar pipe of a type usually employed for smoking tobacco. He also found and seized what appeared to be the mostly-smoked butt of a hand-rolled marihuana cigarette, in the car. Deputy Irwin testified he again detected the odor of marihuana in the vehicle.

---

[2] At a suppression hearing, before trial, the defendant claimed that he did not consent to this search, and that the search was invalid. However, on appeal, the defendant does not contest the propriety of the search and seizure.

One of the officers assisting Deputy Irwin in his second search was Patrolman Moffitt of the Prineville Police Department, who had stopped the defendant earlier that evening to warn him about his driving. Moffitt testified that on the second occasion the clothing of all of the occupants "smelled very strongly of marijuana smoke"; that he was familiar with this odor; that defendant's breath "smelled of — or appeared to smell like marijuana smoke to me"; and that the breath of all but one of the occupants "had some slight marijuana smell on their breath."

The state also offered the testimony of the Director of the Oregon State Crime Detection Laboratory that he had chemically tested the cigarette butt and found that it contained marihuana; that he had tested the pipe and plastic vial and found from the residues therein that both had been used to smoke marihuana or its derivative hashish. He also testified that a plastic bag containing vegetable matter also seized by the officers contained tobacco and a small stick of incense or punk rather than marihuana.

Summarizing, the only marihuana found in defendant's possession at the time of arrest was the small amount present in the cigarette butt found in the glove compartment.

The evidence was that defendant and at least some of his passengers had been continuously in the defendant's vehicle between 10:30 p.m. and 2 a.m., the period between the initial contact with Patrolman Moffitt and the arrest. The defendant and other occupants of the vehicle, however, denied that any marihuana was smoked during that time.

In *State v. O'Brien,* 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971), *affirmed* 262 Or 30, 496 P2d 191 (1972),

and *State v. Goetz,* 7 Or App 515, 491 P2d 220 (1971), Sup Ct *review denied, cert denied* 408 US 929 (1972), we have held that the amount of marihuana introduced into evidence at trial need not be a usable amount. "* * * Instead, the amount of narcotics the defendant had in his possession, like any element of any other crime, can be proven by circumstantial evidence." *State v. Goetz,* supra, 7 Or App at 518.

■ ■ The evidence which we have summarized allowed the jury to conclude that, between 10:30 p.m. and 2 a.m. on the night of the defendant's arrest, a usable quantity of marihuana had been transported by the defendant in his car. *State v. Goetz,* supra. It is not necessary, therefore, for us to decide at this time whether the state must show that defendant transported a certain minimum amount of marihuana in order to be guilty of the offense charged.

Affirmed.