512 P.2d 1228

STATE of Arizona, Appellee,

v.

Gary Glenn ALLEN, Appellant.

No. 2369.

Supreme Court of Arizona,
In Banc.

Aug. 7, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Mickey L. Clifton, Phoenix, for appellant.

HAYS, Chief Justice.

The defendant, Gary Glenn Allen, along with several other persons, was arrested when Phoenix police officers executed a search warrant at a house on East Verde Lane in Phoenix. The evidence indicated the defendant had neither leased nor owned the house and that as to two of the others, there was no question that they resided there. In nearly every room of the house, the search produced amphetamine pills or hashish or both. Allen and his wife and two others were tried for possession and possession for sale of dangerous drugs and marihuana. One defendant's case was severed from the others. Allen's wife was acquitted and the defendant Allen and another were found guilty of the possession counts. Only the defendant Allen has appealed.

One issue is raised in this appeal: Was there sufficient evidence presented to the jury to establish defendant's dominion and control over the dangerous drugs and marihuana allegedly possessed? Motions for directed verdict were made at the close of the State's case and renewed at the conclusion of the taking of evidence.

In summing up, the prosecutor listed the items of evidence in some 400 pages of transcript which supported the State's case. Briefly stated, they were:

1. Evidence indicated that the defendant and his wife had previously lived in the house.

2. There was conflicting testimony as to whether or not defendant still lived there.

3. There was testimony that defendant gave the house as his residence although defendant denied this.

4. A prescription bottle bearing defendant's name was found at the house as well as a letter from a friend addressed to him there.

5. When a metal box was found and pried open, defendant complained that the officers were exceeding their authority.

The evidence also showed that the defendant's dog was kept in the yard at the house.

Resolving all conflicts in the evidence in favor of the jury verdict, we are hard put to find any evidence which establishes the fact that the defendant knowingly possessed and exercised dominion and control over the drugs or marihuana. State v. Laurino, 108 Ariz. 82, 492 P.2d 1189 (1972).

The numerous other persons present at the time of the arrest, the fact that others also were living in the house in varying degrees of permanency, and the lack of any other evidence of possession indicated a failure of proof by the State.

Judgment of conviction reversed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.