609 P.2d 96

STATE of Arizona, Appellee,

v.

Jeffrey Allen AMPEY, Appellant.

No. 1 CA–CR 4080.

Court of Appeals of Arizona,
Division 1,
Department C.

Jan. 31, 1980.

Rehearing Denied March 14, 1980.

Review Denied April 1, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

The defendant, Jeffrey Allen Ampey, raises the propriety of the stop of his vehicle under the doctrine of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and the sufficiency of the evidence to show the substance he possessed was marijuana.

The defendant was charged with the crime of possession of marijuana. Following the denial of his motion to suppress, the matter was submitted to the trial court on the basis of the police report. The defendant was found guilty of a misdemeanor and fined $127.00. He appeals.

The facts giving rise to the stop, arrest and seizure are that on September 23, 1978, Officer Michael Davin of the Phoenix Police Department, observed the defendant, a black man, getting into a car parked in front of a convenience market near the intersection of Cave Creek Road and Cactus Road. Seated in the car was a white male companion.

Officer Davin was aware that two days earlier, a black man and a white man working as a team had committed an armed robbery of a gas station approximately a

block from the convenience market. Officer Davin also had information that a suspect in that robbery lived in the 3700 or 3800 block of East Sunnyside Drive. The defendant's vehicle proceeded in that general direction after leaving the convenience market.

Officer Davin, after making his observation, contacted the detective in charge of the robbery investigation by radio to determine if any further information was available. After being advised that there was none, Officer Davin inquired as to whether he should stop the vehicle containing the defendant which he was then following. He was advised, "Yeah, you might as well go ahead," at which point Officer Davin turned on his red lights and pulled the defendant's vehicle over.

The defendant got out of his car and walked back toward the police car, meeting Officer Davin about halfway between the parked vehicles. Officer Davin immediately recognized that the defendant did not remotely resemble the description of the robbery suspect. However, as they were talking, the officer smelled freshly burned marijuana on the defendant's person. He then went to the vehicle, looked through the open driver's window and saw a number of partially smoked marijuana cigarettes in the ash tray. A plastic bag containing a green leafy substance which appeared to be marijuana was found in the glove compartment.

Officer Davin's police report stated that he had training in recognizing the smell of freshly burned marijuana, that he knows the physical characteristics of marijuana and that during his four years on the police force he had made numerous marijuana arrests. In addition, the report contained statements by the defendant that the marijuana found was his, that he knew it was in the glove compartment and that he grew it himself for his own consumption.

■ The defendant first argues that the initial stop of the vehicle was without probable cause (the state agrees with this contention) and the information possessed by Officer Davin did not rise to the level of a "reasonable suspicion" to justify an investigative stop under *Terry v. Ohio, supra.* He argues that if the officer had seen two white men at the convenience market, the stop would never have occurred. He concludes, therefore, that as the defendant's race was the only identifiable characteristic giving rise to the stop, the stop was racially motivated and consequently impermissible.

We disagree. The defendant's race was simply one of the identifying characteristics within the officer's knowledge that matched the robbery suspects. This information was no different than a description that the robbery suspects wore identifiable clothing. It was this identifying characteristic, matched, with the fact that his companion was white, that the robbery was of recent origin and that the vehicle was proceeding in the general direction of an address of a suspect that must be considered in determining whether the officer had a reasonable suspicion to justify an investigative stop.

■ Viewed under the totality of these circumstances, we hold the initial stop of the defendant was justified and that the trial court properly denied the motion to suppress. Once the stop was accomplished, the defendant concedes that probable cause developed thereafter to allow the seizure of the offending substance.

■ The defendant finally argues that since there was no chemist's report showing the "green leafy substance" to be marijuana, there is insufficient evidence to convict him. Again we disagree. Besides the officer's report which possibly had sufficient foundation to qualify him as an expert in marijuana identification, the defendant himself admitted the substance was marijuana. In the absence of contrary evidence, this is sufficient evidence that the substance was marijuana to convict.

Judgment and sentence affirmed.

HAIRE, P. J., concurs.

CONTRERAS, Judge, dissenting:

I dissent for the reason that, in my opinion, the totality of the circumstances did not justify an investigative stop of appellant's automobile.

The discernible facts known to Officer Davin at the time he stopped appellant's automobile were that while he was in the vicinity of a convenience market located at Cave Creek and Cactus Roads, he observed a black male enter an automobile in which a white male was seated. At a briefing earlier that day, the officer was informed that an armed robbery had been committed two days earlier in the vicinity of the convenience market by two male subjects, one black and one white, and that there was a "lead on the case" that one of the subjects involved in the robbery lived in that general area of town, aside from that generalized information, there was nothing whatsoever to cause the officer to suspect that the appellant was involved in the robbery two days prior or that he was involved in any other crimes.

At the hearing on appellant's motion to suppress, the officer, in response to questions asked by appellant's counsel on cross-examination, testified as to what the stop was "mostly based on"—i. e.:

Q. Would it be fair to say that you stopped this vehicle simply on the basis of a hunch or suspicion?

A. I stopped the vehicle *mostly based on the fact that it was a black and a white man together in an area where that is very unusual.* It appeared that they knew each other because he came out of the Circle K, got in the vehicle with the second subject, and they drove away together, with the second subject having been in the car prior to Mr. Ampey getting in it. (emphasis added)

It is conceded that the only reason for the investigative stop was the possibility that appellant might somehow be linked to the armed robbery of two days prior. Yet there were no specific and articulable facts which would cause Officer Davin to suspect that this particular black individual had in any manner been involved in the armed robbery. In the absence of any such specifics and in view of the very general information available to Officer Davin, I must conclude that the totality of circumstances did not constitute a "reasonable suspicion" to justify an investigative stop under the doctrine of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To hold otherwise would, in my opinion, serve to justify a carte blanche investigative stop of any and all automobiles in the vicinity of Cave Creek and Cactus Roads occupied by a black male and a white male until such time as those who actually committed the robbery were apprehended. The logical extensions of such a proposition are endless and simply do not square with constitutionally protected rights of the individual.

In my opinion, the totality of circumstances did not establish or even approximate a "reasonable suspicion" for the investigative stop, detention, and ensuing search. I am therefore of the opinion that the motion to suppress should have been granted.