780 P.2d 1080

**The STATE of Arizona, Appellee,**

v.

**Jay Martin JONAS, aka Jay Martin Mecklenburg, Appellant.**

**No. 2 CA–CR 88–0160.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 22, 1988.

Redesignated as Opinion and Publication Ordered Jan. 25, 1989.

Review Granted March 17, 1989.

**33**

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Dickerson and Rheinheimer by Timothy B. Dickerson, Sierra Vista, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of one count of trafficking in stolen property and one count of transferring marijuana to a minor under the age of 15 years. He also admitted to a prior felony conviction. The trial court imposed the maximum sentence, 21 years for the trafficking and 25 years for the marijuana sale, the sentences to run consecutively.

The testimony at trial shows that a juvenile informed the Bisbee police that he had been involved in several burglaries. In one he took a .357–magnum revolver which he gave to the defendant to sell for him. He also told the police he bought marijuana from the defendant on two prior occasions. He was 14 years old when all this occurred.

The juvenile became acquainted with the defendant through the defendant's younger brother, who was the juvenile's age. The juvenile testified that he told both the defendant and defendant's younger brother that the revolver was stolen.

As for the marijuana, both transactions occurred in defendant's backyard. On the first occasion the juvenile gave defendant's brother $1. Defendant's brother left and came back with the marijuana cigarette and both of them smoked the cigarette. On that occasion the defendant was present in the front yard when the juvenile gave the money to defendant's brother. On the second occasion, the juvenile gave the money directly to the defendant who placed the cigarette directly in the juvenile's hand. The juvenile, the defendant and defendant's brother then smoked the cigarette until it was gone. On that occasion the defendant told the juvenile that the marijuana was "good stuff." The juvenile testified that on both occasions he became dizzy after smoking the marijuana.[1]

The defendant contends that the conviction should be vacated because of ineffective assistance of counsel and that the 25–year sentence imposed on him for selling marijuana to a minor violated his right against cruel and unusual punishment under the Eighth and Fourteenth amendments to the United States Constitution. We do not agree and affirm.

Defendant claims four separate instances of ineffective assistance of counsel: (1) failure to move for a directed verdict of acquittal; (2) failure to object to evidence of the first sale; (3) failure to object when the defendant was asked, on cross-examination, whether he had ever given his brother marijuana before, and (4) calling his brother as a witness. Ineffective assistance of counsel claims require proof of two elements before they can furnish a basis for relief—that defense counsel provide a professionally ineffective performance, and that the defense case was thereby prejudiced. *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985). We find the record does not demonstrate that defense counsel pro-

1. The defendant was convicted on the second sale of marijuana, the one in which he actually handed the cigarette to the juvenile.

vided a professionally defective performance. The evidence of the second sale together with the evidence of the first sale creates an inference that the marijuana was actually pruchased from the defendant in the first sale and that the brother was simply a go-between. The evidence of the first sale was admissible under Rule 404(b), Rules of Evidence, 17A A.R.S., to show common scheme or plan, it being the state's contention that the defendant was trafficking in the sale of marijuana to children. For this very same reason, the question asked of the defendant concerning his giving marijuana to his brother was not objectionable. We conclude that defense counsel cannot be faulted for failing to object to testimony which was admissible.

■ As for calling defendant's brother as a witness, while he might have provided some damaging testimony, he also denied that the marijuana transfers ever took place and also denied that the revolver was given to his brother and that neither one of them had any knowledge of any stolen weapon. His brother was the defendant's only hope at trial. The evidence showed that his brother had been present in all these transactions. Defense counsel may have been guilty of ineffective assistance of counsel if he had not called defendant's brother.

■ As for the failure to move for a directed verdict, the evidence shows that the defendant sold the juvenile the cigarette telling him that it was "good stuff." An admission by the defendant that a substance is a drug is, absent contrary evidence, sufficient evidence of the nature of the substance to support a conviction. *State v. Ampey*, 125 Ariz. 281, 609 P.2d 96 (App.1980). That a substance is an illicit drug can be proved by circumstantial evidence. *State v. Junkin*, 123 Ariz. 288, 599 P.2d 244 (App.1979). The juvenile testified that the cigarette had been passed around and smoked by himself, the defendant and defendant's brother. This practice has been recognized as a common practice in the smoking of marijuana. *State v. Cunningham*, 17 Ariz.App. 314, 497 P.2d 821 (1972). The juvenile also testified that he had smoked ordinary cigarettes before and that both of the alleged marijuana cigarettes he bought and smoked were different from ordinary cigarettes, in odor and in making him dizzy.

■ Certain offenses are defined by A.R.S. § 13–604.01 as "dangerous crimes against children" and the statute mandates an enhanced punishment for these offenses. Selling drugs to a minor under the age of 15 is one of these crimes. The trial court aggravated the sentence and mandated a term of 25 years to be served without possibility of parole. Appellant contends that a proportionality analysis like that conducted in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) would result in the conclusion that his sentence is unconstitutionally severe. We do not agree. Pursuant to A.R.S. § 13–604.01(A) the defendant is required to be sentenced to a presumptive term of imprisonment for 20 years and under subsection D of the same statute this sentence can be increased up to 25 years pursuant to A.R.S. § 13–702(E). The trial judge imposed the additional five-year sentence because of the defendant's lengthy criminal record. A.R.S. § 13–604.01(E) provides that a person sentenced for a dangerous crime against children in the first degree is not eligible for parole.

In *State v. Crego*, 154 Ariz. 278, 742 P.2d 289 (App.1987) and *State v. Byrd*, 160 Ariz. 282, 772 P.2d 1135 (Ct.App.1988). We applied the *Solem* test to A.R.S. § 13–604.01 and determined that the sentences mandated were not unconstitutional. For the reasons set forth in the latter two cases, we affirm the sentence here.

AFFIRMED.

LIVERMORE, P.J., and HATHAWAY, J., concur.