NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA,
*Appellee,*

*v.*

PORTER DERON LAND,
*Appellant.*

No. 1 CA-CR 14-0654
FILED 8-4-2015

---

Appeal from the Superior Court in Maricopa County
No.   CR2013-427476-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Stephen L. Crawford, PLLC, Phoenix
By Stephen L. Crawford
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1        Porter Deron Land appeals his conviction and sentence for one count of possession of narcotic drugs, a class 4 felony. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        In June 2013, City of Phoenix Police Officer Michael Meelhuysen was driving an unmarked police vehicle on 19th Avenue. After entering a turn lane, Officer Meelhuysen observed a Yukon leaving a Circle K parking lot and that the passenger, later identified as Land, was drinking beer from "about a [twenty-four] ounce size can." Officer Meelhuysen activated his vehicle's lights, followed the Yukon into an apartment complex parking lot, and positioned his vehicle "a little beyond the rear" of the Yukon after it pulled into a parking space.

¶3        Shortly thereafter, Land exited the Yukon and began running on the sidewalk. Meelhuysen identified himself as a police officer and ordered Land to stop running. Land raised his hands and threw two smalls bags "up vertically" from his left hand. The bags landed in a grassy area within two feet of Land's left shoulder. Officer Meelhuysen arrested Land, and the Phoenix Department Crime Laboratory later identified powder in the bags as cocaine.

¶4        After the State rested at trial, Land's counsel requested a pre-verdict Arizona Rule of Criminal Procedure 20 motion for acquittal, which the trial court denied. The trial court also denied Land's objection to a jury instruction on flight or concealment. The instruction provided:

---

[1]        We review the evidence in the light most favorable to sustaining the conviction and resolve all reasonable inferences in favor of the State. *State v. Acree*, 121 Ariz. 94, 96 (1978).

> In determining whether the State has proved the Defendant guilty beyond a reasonable doubt, you may consider any evidence of the Defendant's running away, hiding, or concealing evidence, together with all other evidence in the case. Running away, hiding, or concealing evidence after a crime has been committed does not by itself prove guilt.

**¶5** Land was convicted of possession or use of narcotic drugs, and the jury determined Land committed the offense while on probation. The trial court subsequently sentenced Land to a presumptive term of four and a half years' imprisonment. Land timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031 and -4033.A.1 (West 2015).[2]

## DISCUSSION

I.    Rule 20 Motion

**¶6** Land argues the trial court erred by denying his Rule 20 motion because the State failed to present substantial evidence supporting his conviction. We review the denial of a Rule 20 motion de novo. *State v. Bon*, 236 Ariz. 249, 251, ¶ 5 (App. 2014). "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 36 (App. 2013) (punctuation and citation omitted).

**¶7** Under A.R.S. § 13-3408.A.1, "A person shall not knowingly [] [p]ossess or use a narcotic drug." Land argues it is "unclear" whether the State proved the possession element because there was conflicting testimony about how many bags Land had and as to how they left his possession. While the record reflects that two police officers provided slightly different accounts of the events at trial, the jury was tasked with determining each witness's credibility and reliability. *See State v. Roberts*, 139 Ariz. 117, 121 (App. 1983). We do not reweigh evidence on appeal. *State v. Rodriquez*, 205 Ariz. 392, 397, ¶ 18 (App. 2003). Thus, Officer Meelhuysen's testimony that he observed Land throw the two bags of

---

[2]    We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

cocaine from his left hand was sufficient to establish the possession element.

**¶8**        Next, Land argues that "the State presented no direct evidence that [Land] knowingly possessed cocaine." However, direct evidence of Land's knowledge was not required. The Arizona Supreme Court has determined that a crime's mens rea element may be proven by circumstantial evidence. *See State v. Speer*, 221 Ariz. 449, 460, ¶ 57 (2009) (holding defendant's knowledge could be established by circumstantial evidence). The circumstantial evidence "must link the defendant to the [controlled substance] in a manner and to an extent that a reasonable inference arises that [] the accused [knew] of the [controlled substance's] existence." *State v. Cunningham*, 17 Ariz. App. 314, 315 (App. 1972).

**¶9**        The State presented evidence that Land immediately disposed of the cocaine after Meelhuysen identified himself as an officer and ordered Land to stop running. This conduct would naturally give rise to an inference that Land was attempting to conceal the bags from Meelhuysen because he knew they contained an illegal substance. "The substantial evidence required for conviction may be either circumstantial or direct, and the probative value of the evidence is not reduced simply because it is circumstantial." *State v. Anaya*, 165 Ariz. 535, 543 (App. 1990). Thus, we find sufficient evidence supported Land's conviction.

II.    Flight or Concealment Instruction

**¶10**        Land next argues the trial court committed fundamental error by issuing the jury instruction on flight or concealment. We review the trial court's decision to give a requested jury instruction for an abuse of discretion. *State ex. rel. Thomas v. Granville*, 211 Ariz. 468, 471, ¶ 8 (2005).

**¶11**        Land asserts the instruction was improper because the evidence presented about his knowledge that he possessed a narcotic was "circumstantial" and "insubstantial" and "[w]hat little evidence there was of flight does not show consciousness of guilt of the crime charged." However, the instruction simply permitted the jury to draw an inference from Land's conduct. *See State v. Weible*, 142 Ariz. 113, 116 (1984) ("Flight instructions point out to jurors that they may consider the defendant's behavior at or near the scene of the crime as bearing on guilt or innocence."). Thus, direct evidence of Land's knowledge was not a prerequisite for giving the instruction. *Cf. supra* ¶¶ 8-9. In determining whether to give a flight or concealment instruction:

> [T]he court must determine [] whether there is evidence from which it can be reasonably inferred that the defendant engaged in some "eluding" conduct that either was an attempt to prevent apprehension, or was an attempt to postpone apprehension in order to dispose of or conceal evidence that could tie him to the crime . . . The key inquiry is whether the defendant engaged in some type of eluding behavior designed to camouflage his participation in a crime, thus manifesting a consciousness of guilt.

*State v. Cutright*, 196 Ariz. 567, 570, ¶ 12 (App. 1999) (citation omitted), *disapproved on other grounds by State v. Miranda*, 200 Ariz. 67 (2001).

**¶12** On this record, sufficient evidence supported the instruction. Officer Meelhuysen testified that he activated his vehicle's lights and that after parking behind the Yukon, Land exited the vehicle and began to run. Moreover, after Meelhuysen identified himself as an officer and ordered Land to stop, Land "tossed the bags." This is the type of "eluding" conduct that permits an inference that Land was attempting to prevent apprehension and conceal the cocaine. Thus, the trial court did not abuse its discretion by giving the flight or concealment instruction.

## CONCLUSION

**¶13** For the foregoing reasons, Land's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : RT