NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SCOTT ALAN MORRISON, *Appellant.*

No. 1 CA-CR 21-0012
FILED 1-18-2022

Appeal from the Superior Court in Yavapai County
No. P1300CR201900722
The Honorable John David Napper, Judge

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Oliverson & Huss Law, PLLC, Tempe
By Jeremy Huss
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams joined and to which Judge James B. Morse Jr. dissented.

---

**G A S S**, Judge:

¶1 Scott Alan Morrison appeals his convictions and sentences for possession or use of narcotic drugs (Count 2) and related drug paraphernalia (Count 4). He does not appeal the two convictions related to dangerous drugs (Counts 1 and 3). Because insufficient evidence supports the verdicts on Counts 2 and 4, we reverse those convictions and remand to the superior court for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Detectives in the Partners Against Narcotics Trafficking (PANT) task force began investigating Morrison after he took a box of prescription drugs from another suspect who PANT had under investigation. Two weeks later, PANT detectives had an informant conduct a controlled methamphetamine buy from Morrison. When the informant did not come out of Morrison's trailer, officers knocked on the door and asked Morrison to come outside. Officers then arrested Morrison and obtained a search warrant. The police found methamphetamine in a hallway closet, methamphetamine paraphernalia in a bedroom, marijuana and related paraphernalia in the living room, and one syringe filled with a liquid on Morrison's bedroom nightstand.

¶3 At trial, the lead detective said he had twenty years' experience with the PANT task force and had worked more than a hundred drug cases. He described how heroin generally looks and smells and its typical consistency. He also said when heroin is in a syringe, it is typically a black liquid. The detective said he believed the syringe he found on the nightstand was heroin. The parties stipulated—without further foundation—to the admission of a photograph of a syringe filled with liquid. The State did not admit evidence of any lab analysis of the liquid.

¶4 The jury convicted Morrison of possession of dangerous drugs (Count 1), possession of narcotic drugs (Count 2), and two counts of

possession of drug paraphernalia (Count 3 for methamphetamine and Count 4 for heroin). The superior court suspended Morrison's sentence and placed him on concurrent supervised probation terms of four years for each drug possession charge and three years for each paraphernalia charge. Morrison timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

## ANALYSIS

¶5 Morrison contends insufficient evidence supported his convictions for possession of narcotic drugs and narcotic-drug paraphernalia. This court reviews *de novo* claims of insufficient evidence. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). In reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to sustaining the verdict and resolves all reasonable inferences against the defendant. *State v. Rienhardt*, 190 Ariz. 579, 588–89 (1997). But this court will reverse a conviction if no substantial evidence supports it. *State v. Morgan*, 248 Ariz. 322, 325, ¶ 7 (App. 2020); *see also State v. Clark*, 249 Ariz. 528, 533, ¶ 16 (App. 2020) ("a conviction based on insufficient evidence is fundamental, prejudicial error"). "Substantial evidence is more than a mere scintilla and is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67 (1990) (citations and internal quotation marks omitted).

¶6 As charged here, possession of a narcotic drug requires proof: (1) the defendant knowingly possessed heroin; and (2) the substance was heroin. A.R.S. § 13-3408. Possession of drug paraphernalia requires proof: (1) the defendant possessed a syringe with the intent to introduce a narcotic drug into the body; and (2) the syringe was drug paraphernalia. A.R.S. § 13-3415.

¶7 Morrison argues the evidence was insufficient to prove the syringe contained heroin. We agree because the only evidence connecting Morrison to possession of heroin was: (1) the lead detective's general background in drug training and arrests; (2) his statement heroin is commonly a black liquid and can be injected; (3) a photograph of a black liquid in a syringe; and (4) the lead detective's uncorroborated belief the liquid in the syringe found on Morrison's nightstand was heroin.

¶8 No doubt, circumstantial evidence may be sufficient to support a conviction for drug possession. *See, e.g., State v. Junkin*, 123 Ariz.

288, 291 (App. 1979). But it does not follow that the existence of any circumstantial evidence is sufficient to sustain a conviction. *See Mathers*, 165 Ariz. at 69–71; *cf. State v. Terrell*, 156 Ariz. 499, 503 (App. 1988) (stating an unusual name, physical presence within Maricopa or Pinal County, and a similar description to the previously convicted party is insufficient to prove identity and establish a prior conviction).

¶9        The State could have established sufficient evidence in several ways, the most preferred being a chemical analysis. *See Wozniak v. Galati*, 200 Ariz. 550, 554, ¶¶ 13, 15 (App. 2001); *but see State v. Nightwine*, 137 Ariz. 499, 503 (App. 1983) (if the State presents sufficient circumstantial evidence, chemical analysis is not required for a drug conviction). Here, it did not. Instead, the State relied on insufficient, speculative testimony. The lead detective never explained his reasons for believing the syringe contained heroin. In fact, he did not describe the liquid or the syringe at all. Though he said heroin generally has a strong vinegar smell, he did not discuss the odor of the liquid in the syringe or even say he smelled it.

¶10       The missing testimony linking the syringe to the lead detective's testimony would shift our analysis. *See State v. Jonas*, 162 Ariz. 32, 34 (App. 1988) (witness said the smoked marijuana cigarette had a different odor than a tobacco cigarette); *State v. Ampey*, 125 Ariz. 281, 282 (App. 1980) (officer had training in odor of freshly burnt marijuana and smelled same odor on defendant). The same would be true if the PANT informant met Morrison under the cover of buying heroin instead of methamphetamine. *See Nightwine*, 137 Ariz. at 503 (sufficient evidence when "cocaine was the narcotic to be furnished, co-conspirator . . . paid $2,300 an ounce for it, the purchaser . . . complained of its quality but not whether it was or was not cocaine, and he used it").

¶11       No other circumstantial evidence supports the verdict. For example, no witness used the substance in the syringe or said its effects felt like heroin. *Cf. State v. Saez*, 173 Ariz. 624, 630 (App. 1992) (witness testimony the substance appeared to be cocaine "confirmed by the narcotic effect produced by the substance" as well as the price and packaging of the cocaine). And Morrison made no admissions about the substance. *See Ampey*, 125 Ariz. at 282 (officer's identification of the appearance and smell of marijuana confirmed by defendant's admissions); *Jonas*, 162 Ariz. at 34 ("An admission by the defendant that a substance is a drug is, absent contrary evidence, sufficient evidence of the nature of the substance to support a conviction.").

¶12        At bottom, the only evidence supporting Morrison's narcotic-drug conviction is a description of what heroin can sometimes look like, a photograph of a black liquid in a syringe, and the lead detective's bare assertion he thought it was heroin. Though the State introduced a photograph for the jurors' consideration, the parties stipulated to the photograph's admission, and the State provided no foundation to put it in context.

¶13        In short, mere speculation, not actual proof, about the substance in the syringe underlies Morrison's narcotic-drug conviction. *See Mathers*, 165 Ariz. at 71. And "[s]peculation concerning possibilities is an insufficient basis to sustain" Morrison's conviction. *See id.*

¶14        As with drug possession, circumstantial evidence may support a conviction for possession of drug paraphernalia. *See State v. Gill*, 248 Ariz. 274, 278, ¶¶ 9–10 (App. 2020) (evidence sufficient to uphold conviction absent any DNA evidence or fingerprints on paraphernalia). Here, however, insufficient evidence supported Morrison's using the syringe to hold heroin, let alone for the purpose of injecting heroin. *See supra* ¶¶ 9–13. Insufficient evidence, therefore, also supported Morrison's conviction for possession of drug paraphernalia.

## CONCLUSION

¶15        We reverse Morrison's convictions on Counts 2 and 4 and remand to the superior court for further proceedings consistent with this decision.

**M O R S E**, Judge, dissenting:

¶16　　　　For appellate courts, the standard of review is often determinative.  This is especially true when we review a jury's verdict.  I respectfully dissent because this deferential standard of review requires me to conclude sufficient evidence supports Morrison's convictions.

¶17　　　　While we review claims of insufficient evidence de novo, *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011), we must view the evidence in the light most favorable to sustaining the verdict and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007); *see also State v. Fischer*, 242 Ariz. 44, 52, ¶ 28 (2017) ("The appellate court does not sit as the 'fourteenth' juror.  The appellate court's role is not to weigh the evidence." (citation omitted)).  Morrison also concedes that our review is for fundamental error, requiring him to show fundamental error and resulting prejudice.  *See State v. Escalante*, 245 Ariz. 135, 141, ¶¶ 18-21 (2018).

¶18　　　　At trial, the lead detective stated he had twenty years' experience in law enforcement and worked on "easily over a hundred" drug cases. Without any objection, the detective explained how heroin and methamphetamine look different when in a syringe, noting methamphetamine is "almost a clear liquid" while heroin looks "like a black liquid" and usually has blood in it if used.  He testified that law enforcement officers found a syringe next to Morrison's wallet and identified the substance in the syringe as heroin, testifying the syringe "had a liquid substance inside that, based on my training and experience, appeared to be heroin."  Finally, the State provided the jury with a photograph of the loaded syringe from which it could make its own comparison to the detective's description.  And while referencing the syringe in the photograph, the detective stated it was "loaded with what I believe to be heroin."[1]  Although the far-better practice would have been to introduce results of a chemical analysis, the State presented sufficient evidence that the syringe contained heroin.

¶19　　　　Admittedly, the detective's testimony did not completely close the circle.  As Morrison asserts, the state did not introduce lab results and the detective mentioned that heroin generally smells of vinegar but did not discuss any odor of the liquid in the syringe.  But Morrison's defense

---

[1]　　　Notably, Morrison did not object to the detective's opinion testimony at trial and, on appeal, does not raise any challenge to the admission of that testimony.  *See State v. McCall*, 139 Ariz. 147, 164 (1983) (finding issues waived if not raised in the opening brief).

was based on whether he possessed the syringe, not the syringe's contents. While the asserted defense does not relieve the prosecution of the burden to prove all elements of its case, it is a factor in determining whether fundamental error has occurred. *See State v. Moody*, 208 Ariz. 424, 467, ¶ 193 (2004) ("Because of the defenses asserted and the facts placed before the jury in this case, we do not find the error fundamental.").

**¶20** More evidence was not required to convict Morrison. *See State v. Jonas*, 162 Ariz. 32, 34 (App. 1988) ("That a substance is an illicit drug can be proved by circumstantial evidence."). A conviction requires substantial evidence, not perfect evidence. *See State v. Mathers*, 165 Ariz. 64, 67 (1990) (noting a conviction must be supported by substantial evidence of guilt, where "[s]ubstantial evidence is more than a mere scintilla"). Here, the detective explained what he looks for when identifying heroin and then offered his opinion that the substance in the syringe was heroin. The State also provided the jury with a photograph of the loaded syringe so it could compare it to the detective's description. Accordingly, giving proper deference to the jury, the State's evidence amounted to more than a mere scintilla and was sufficient to support Morrison's conviction.

**¶21** For the foregoing reasons, I would affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA